SUMMARY ORDER

Plaintiff-Appellant Douglas R. McCar-roll, pro se, appeals from the August 24, 2005 judgment of the United States District Court for the District of Connecticut (Covello, /.), pursuant to a jury verdict, in favor of Appellees. We assume the parties’ familiarity with the underlying facts and procedural history of the case, as well as with the issues presented on appeal.
We review challenged jury instructions de novo. See Hudson v. New York City, 271 F.3d 62, 67 (2d Cir.2001). “A jury instruction is erroneous if it misleads the jury as to the correct legal standard or does not adequately inform the jury on the law. An erroneous instruction requires a new trial unless the error is harmless.” United States v. Masotto, 73 F.3d 1233, 1238 (2d Cir.1996) (citation and internal quotation marks omitted).
McCarroll argues that the district court’s jury instruction with respect to the consent exception to the warrant requirement was erroneous in light of Georgia v. Randolph, 547 U.S. 103, 126 S.Ct. 1515, 164 L.Ed.2d 208 (2006), which was decided after the district court issued its judgment. However, we need not decide this issue, because we can affirm the district court’s resolution of the consent issue on qualified immunity grounds. See Millares Guiraldes de Tineo v. United States, 137 F.3d 715, 719 (2d Cir.1998). In deciding whether an officer is entitled to qualified immunity, we must determine whether a constitutional right was violated, and, if so, whether that right was “clearly established.” Koch v. Town of Brattleboro, 287 F.3d 162, 166 (2d Cir.2002) (citation omitted); see also Pearson v. Callahan, — U.S. -, 129 S.Ct. 808, 818, 172 L.Ed.2d 565 (2009) (either prong of two-part test may be dispositive). Whether a constitutional right was “clearly established” is “purely legal in that it depends upon whether the law put the officer on notice that his conduct would be clearly unlawful,” Cowan ex rel. Estate of Cooper v. Breen, 352 F.3d 756, 761 (2d Cir.2003), and thus we may reach the qualified immunity issue as long as the relevant facts are known and not disputed, see Zellner v. Summerlin, 494 F.3d 344, 368 (2d Cir.2007).
McCarroll does not dispute that Debra Allegrini may have consented after he ran upstairs, and both Allegrini and the Appellees testified that she gave that consent. Thus, even if Appellees violated Randolph by entering after Allegrini gave consent but over McCarroll’s explicit objection, Appellees still are entitled to qualified immunity because, prior to Randolph, it was not clearly established that one occupant’s consent was insufficient where a co-occupant objected to the entry. See Randolph, 547 U.S. at 108 n. 1, 126 S.Ct. 1515; see also U.S. v. Lewis, 386 F.3d 475, 481 (2d Cir.2004) (“Supreme Court and Second Circuit law establishes that in situations where the defendant is present— and even in situations where the defendant has already refused consent — the officers may nevertheless rely on consent from a third party who has the requisite authority to give it.”) (citing cases).
McCarroll also argues that the burden of proof with respect to probable cause rested on Appellees, rather than on him. We need not resolve this question at this time, because McCarroll’s false arrest claim fails regardless of which party has the burden of proof. “[Pjrobable cause to arrest exists when the officers have knowledge or reasonably trustworthy informa *10 tion of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime.” Jenkins v. City of New York, 478 F.3d 76, 84-85 (2d Cir.2007) (alteration in original, citation and internal quotation marks omitted). Here, it is undisputed that the police received a complaint about the suspicious solicitation of contributions on behalf of a deceased police officer, and the police confirmed that such solicitation was conducted without the officer’s family’s permission and without a permit. The police arrested a participant in the alleged scheme, who implicated McCarroll and Thomas Allegrini as being responsible for making the solicitations and giving receipts for the donations, and gave them McCarroll’s home address. When the police knocked on McCarroll’s door, Debra Allegrini consented to their entry, at which point they saw a number of suspicious checks, cash, and receipts apparently relating to the solicitation scheme in plain view on the counter, and McCar-roll and Thomas Allegrini attempting to hide those items in a briefcase. Based on these facts, the officers could reasonably have concluded, that McCarroll and Alle-grini had committed or were committing a crime—an illegal solicitation scheme, in which money, checks, and receipts would necessarily be involved.
We further reject McCarroll’s contention that the district court improperly failed to charge the jury on his conspiracy claim. McCarroll did not properly object to the failure to give the conspiracy instruction, as he failed to “distinctly [state] the matter objected to and the grounds for objection,” Fed.R.Civ.P. 51(c)(1), and thus we review for fundamental error only, see Innomed Labs, LLC v. ALZA Corp., 368 F.3d 148, 155 (2d Cir.2004). There was no such error here, as McCarroll’s complaint only very generally alleged conspiracy. See Leon v. Murphy, 988 F.2d 303, 311 (2d Cir.1993). Moreover, McCarroll does not direct this Court to specific evidence at trial that the police officers conspired to inflict an unconstitutional injury on him. In any event, since the substantive § 1983 claims were found meritless, the conspiracy claim that involved the same facts are meritless for the same reasons.
We also disagree with McCarroll’s argument that the district court’s jury charge regarding warrantless entry was erroneous, as the court properly instructed the jury on the two exceptions to the warrant requirement, consent and exigent circumstances, and any error in its instructions was harmless because there was probable cause.
“We review evidentiary rulings for abuse of the district court’s broad discretion, reversing only when the court has ‘acted arbitrarily or irrationally.’ ” United States v. Nektalov, 461 F.3d 309, 318 (2d Cir.2006) (citation omitted). Here, a review of the trial transcript demonstrates that, pursuant to Federal Rule of Evidence 611(b), the district court’s ruling as to the scope of McCarroll’s cross-examination was not an abuse of discretion, because the cross-examination was relevant to the issues addressed on direct examination, and was not prejudicial.
Finally, “[w]e review a district court’s rulings regarding dismissal of jurors for abuse of discretion, and reverse only if there is ‘clear abuse’ of the district court’s discretion.” Cruz v. Jordan, 357 F.3d 269, 270 (2d Cir.2004) (citation omitted). McCarroll has not shown actual bias of the prospective juror who was not dismissed for cause, and we have previously rejected as a ground for presumed bias the fact that the prospective juror’s husband had an employment history similar to that *11 of Appellees’. See id. at 271 (citing cases). Moreover, McCarroll has not alleged that he was in any way injured by this error, and “the Supreme Court has made clear, at least in the criminal context, that a party’s use of a peremptory strike to cure a court’s erroneous failure to dismiss a juror ‘for cause’ effects neither a constitutional nor a rule-based deprivation, as long as the jury eventually empaneled is impartial.” Id. (citing United States v. Martinez-Salazar, 528 U.S. 304, 311, 313, 120 S.Ct. 774, 145 L.Ed.2d 792 (2000)).
For the foregoing reasons, we AFFIRM the judgment of the district court.